UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| MADONNA JONES HOLMES, CHRISTOPHER HOLMES, Individually and on Behalf of THANE HOLMES and ACE HOLMES, <br><br> Plaintiffs, <br><br> V. <br><br> HSBC NORTH AMERICA, d/b/a HSBC CONSUMER LENDING, <br><br> Defendant. | Civil Action No. 6: 06-298-DCR <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiffs' motion to remand this action to the Laurel Circuit Court. [Record No. 5] The Plaintiffs contend that jurisdiction is lacking and no federal question exists because the state law breach of contract claim is not completely preempted by federal law. However, the Defendant asserts that the Plaintiffs' claim is completely preempted by federal law and is subject to removal. Having reviewed the briefs submitted by the parties and being sufficiently advised, the Court concludes that the Plaintiffs' claim does not present a federal question. Therefore, remand of this action is required.

**I.   BACKGROUND**

This suit arises from an alleged breach of an oral contract between Plaintiff Madonna Holmes ("Holmes") and her former employer, Defendant HSBC North America ("HSBC"). Holmes claims that in May 2005 she entered into an oral resignation agreement with HSBC

whereby she would resign on May 31, 2005, but would continue to receive phone calls and answer questions regarding her former position. As consideration of Holmes' continuing to provide these services, HSBC would record her termination date as June 1, 2005. Under this agreement, Holmes would continue to receive commission compensation for May 2005, as well as medical benefits through June 30, 2005. COBRA coverage would then be available beginning in July 2005.

Holmes claims that she received telephone calls and answered questions regarding her former position. However, contrary to the alleged oral agreement, she contends that HSBC recorded her termination date as May 31, 2005. On March 31, 2006, HSBC submitted a revised notice of termination to record Holmes's termination date as June 2, 2005. Holmes alleges that as a result of HSBC's inaction from June 1, 2005 to March 30, 2006, she and her family: incurred medical bills; incurred out-of-pocket expenses; had conditions deemed "pre-existing" by their insurance carrier for their first twelve months of coverage and; were unable to seek medical treatment due to their insurance carrier denying coverage because of deeming their conditions pre-existing.

On May 30, 2006, Holmes filed the current action in the Laurel Circuit Court alleging breach of contract. Through this action, Holmes seeks to recover compensatory damages including, but not limited to, medical bills, insurance payments, out-of-pocket expenses, and all damages as a result of the insurance company's determination that Holmes' and her family's conditions were pre-existing. On July 11, 2006, HSBC removed the action to this Court,

alleging that Holmes' claims arise under the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 and §1132 (e) et seq.

## II. LEGAL ANALYSIS

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have initially been brought in federal court. A federal court has original federal question jurisdiction over a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, an action arises under federal law and is removable "only when the plaintiff's well-pleaded complaint raises issues that involve federal law." *Wright v. General Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001) *(citing Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)). However, the Supreme Court has held that Congress has so completely preempted some areas that "any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

In *Metropolitan Life Insurance v. Taylor*, the Supreme Court held that a state law claim relating to an employee benefit plan is removable pursuant to ERISA only if it is completely preempted by federal law. *Id*. at 64. The ERISA preemption provision states that federal law supercedes "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). However, this preemption provision does not grant removal jurisdiction by itself, as "no removal jurisdiction exists under § 1144." *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995). A claim is completely preempted and, therefore, subject to removal only under the narrow exception when the plaintiff's state law claims "fall within the

ERISA civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B)." *Id.* Thus, for an action to be removable to federal court despite the well-pleaded complaint rule, the plaintiff must be suing "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). As the Sixth Circuit stated in Warner,

> [s]tate causes of action not covered by § 1132(a)(1)(B) may still be subject to a preemption claim under § 1144(a) because the state law at issue may "relate to" a pension or employee benefit plan. But such actions are not subject to removal.
>
> Removal and preemption are two distinct concepts. "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted" – for example under § 1144(a) – "does not establish that they are removable to federal court." The federal preemption defense in such nonremovable cases would be decided in state court and would be subject to review on certiorari in the U.S. Supreme Court. Removal jurisdiction based on original federal jurisdiction under § 1441 is therefore not as broad as federal appellate jurisdiction which extends to federal defenses.

*Warner*, 46 F.3d at 535 (citations omitted).

In the present action, Holmes alleges that HSBC breached the employment contract it entered into with Holmes upon her resignation by failing to properly record her termination date. As a result, Holmes seeks to recover compensatory damages including medical bills, out-of-pocket expenses, and any damages "stemming from the Plaintiffs not being able to seek medical treatment due to pre-existing condition determination." [Record No. 1, State Court Record, p. 5] HSBC contends that these damages are directly related to the enforcement and clarification of rights under an ERISA plan and, therefore, are completely preempted by federal law.

For Holmes's claim to be removable, "a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action 'to

recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B)." *Warner*, 46 F.3d at 534. The relevant inquiry is whether the plaintiff is attempting to enforce rights under an ERISA plan or merely alleging incidental damages "includ[ing] a loss of benefits under an ERISA-based plan." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002).

In *Peters*, the Sixth Circuit determined that the plaintiff's claim was completely preempted because it required the court to "read the [] plan, judge the validity of Plaintiff's claims, and resolve any issues concerning the interpretation of the plan." *Id*. at 467. The court distinguished Peters' claim from a nonremovable claim in which a plaintiff merely alleges incidental damages including the loss of benefits and "all that is needed is a simple mathematical calculation of the benefits. The claimed damages, thus, relate only peripherally to an ERISA plan." *Id*. at 469. State law breach of contract claims are not preempted where the "effect on employee benefit plans is merely tenuous, remote, or peripheral." *Cromwell v. Equicor-Equitable HCA Corp*., 944 F.2d 1272, 1276 (6th Cir. 1991). According to the court in *Peters*, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters,* 285 F.3d at 469 (*citing Cromwell*., 944 F.2d at 1275).

Similarly, in *Marks v. Newcourt Credit Group, Inc*., 342 F.3d 444 (6th Cir. 2003), the court held that a plaintiff's state law claim for breach of contract claim was not preempted where the alleged misconduct on the part of the employer constituted a breach of an employment

contract "irrespective of the plan." *Marks*, 342 F.3d at 453. The court stated that "[i]n deciding whether state law claims are preempted by ERISA, we have focused on the remedy sought by the plaintiffs." *Id*. The court concluded that because the plaintiff "seeks damages equaling the benefits he would have received under the plan, it seems at first glance that his claims relate to an ERISA benefit plan. However, a close reading of Marks' complaint reveals that the reference to plan benefits was only a way to articulate "specific ascertainable damages." *Id*. (*citing Wright*, 262 F.3d at 615).

Here, Holmes is not alleging that she and her family were wrongfully denied benefits due under an ERISA plan. Rather, she is alleging that HSBC breached its promise to record her termination date as June 1, 2005, and as a result of that breach, she incurred damages "one component of which is a sum owed under the provision of the [] plan." *Wright*, 262 F.3d at 615. Contrary to HSBC's assertion, Holmes' claim does not seek to enforce benefits under the terms of a plan or require a clarification of future rights under the plan. Her claim for medical bills, out-of-pocket expenses, and damages as a result of being determined pre-existing "is simply a reference to specific ascertainable damages Holmes claims to have suffered as a proximate result of her [early] termination." *Id*. Holmes has not alleged a "'§ 1132(a)(1)(B) type' action to enforce the ERISA plan" which requires an interpretation of rights under the plan or future benefits under the plan. *Id*. Rather, "all that is needed is a simple mathematical calculation of the benefits." *Peters*, 285 F.3d at 469. Because HSBC's alleged breach of the resignation contract can be determined "irrespective of the plan," a federal question does not exist and Holmes's claim is not subject to removal. *Marks*, 342 F.3d at 453.

### III.    CONCLUSION

Based on the foregoing analysis, it is hereby **ORDERED** that Plaintiffs' motion to remand [Record No. 5] is **GRANTED**. This case is remanded to the Laurel Circuit Court for further proceedings.

This 16th day of October, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge